D. Ormonde Ritchie, J.
In this action tried without a jury-plaintiff seeks to recover judgment against the defendant on three promissory notes of which defendant is charged with being a co-maker and indorser. Prior to the trial it was stipulated that the amount due on the promissory note set forth in the first cause of action be reduced from $7,000 to $2,000. The defendant claims payment in full of the note sued on in the first cause of action; denies being a co-maker of any of the notes and in one affirmative defense asserts that he was not given the notice of dishonor of the notes required by article 9 of the Negotiable Instruments Law. On the trial it was established that the obligation for which the promissory notes were given arose from the sale of certain merchandise by plaintiff to Upperville Building Co., Inc. At a meeting held in Mount Vernon, Virginia, attended by officers of plaintiff and officers of Upperville Building Co., Inc., including defendant, an adjustment was made of Upperville’s account with plaintiff resulting in the execution and delivery of the promissory notes. The notes which are in evidence establish that they were signed by ‘ ‘ Upperville Building Co., Inc., Edward Sweeney, Pres.,” and “ Phillip A. Winston.” Sweeney and Winston appear as individual indorsers of the notes. It was established by the evidence that defendant was requested to and did indorse the notes. However, the record is devoid of proof to establish that he was a co-maker of the notes. From the evidence it is rather to be inferred that his signature on the face of the notes was in his capacity as an officer of Upperville Building Co., Inc., despite the fact that no designation of his corporate officership is appended to his signature. On the issue of notice of protest being given the defendant, the evidence establishes that while notice of protest was given, the name of defendant does not appear as one to whom such notice was directed. Personal notice to defendant was attempted to be proven but the proof falls short of establishing such notice. The testimony in support of plaintiff’s assertion that personal notice was given defendant is not convincing and it is found that defendant was not notified of nonpayment of the notes as required by article 9 of the Negotiable Instruments Law. The court finds that defendant was not a co-maker of the notes. It further finds that notice of dishonor of the notes required to be given to an indorser by article 9 of the Negotiable Instruments Law has not been established.
Judgment is granted in favor of the defendant.